IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS POWERS )
)
Petitioner, )
)
v. ) No. 06 C 50030
)
NEDRA CHANDLER, Warden, ROGER )
WALKER, I.D.O.C. Director, and LISA )
MADIGAN, Illinois Attorney General )
)
Respondents. )

**MEMORANDUM OPINION AND ORDER**

Thomas Powers ("Powers") has brought a petition for a writ of habeas corpus under 28 U.S.C.A. § 2254 (2006). Powers is currently in the custody of the State of Illinois Department of Corrections and is incarcerated at the Dixon Correctional Center.[1] Thomas filed a petition for post-conviction relief pursuant to 725 ILL. COMP. STAT. ANN. 5/122-1, *et seq.* (2005) in the Illinois trial court on August 15, 2002, but that court has yet to resolve his petition. Powers' petition for a writ of habeas corpus was assigned to this court on August 23, 2006. The judge previously hearing Powers' petition ordered respondent to file a limited response to the petition addressing whether the delay by the Illinois court in addressing Powers' post-conviction petition was cause for allowing

---

[1] Petitioner has named Roger Walker and Lisa Madigan as defendants, but since they do not hold Powers in custody they are improperly named as defendants. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973). I therefore dismiss them from this action.

Powers to bypass his state court remedies. The parties have now briefed this limited issue, and I dismiss Powers' petition without prejudice.

I.

I generally may only grant a petition for a writ of habeas corpus where "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C.A. § 2254(b)(1)(A). "This rule reflects the policy of providing the state courts a full and fair opportunity to review the petitioner's claims through its own judicial processes before asserting federal review." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991)(internal citation omitted). The exhaustion requirement in § 2254 normally dictates that a petitioner may not receive federal relief while collateral proceedings are pending in state court. *Fernandez v. Sternes*, 227 F.3d 977, 980-81 (7th Cir. 2000). However, § 2254 includes an exception to the exhaustion requirement where (1) there is an absence of available State corrective process; or (2) circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C.A. § 2254(b)(1)(B). The Seventh Circuit has concluded that these exceptions apply where there is an inordinate and unjustifiable delay in the state court's resolution of a petitioner's claims. *See, e.g., Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995) (quoting *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981)). Here, Powers filed his petition for post-

conviction relief in state court over four years ago, and is still waiting for resolution. This is an inordinate delay. *See Sceifers*, 46 F.3d at 703 (noting that courts in *Dozie v. Cady*, 430 F.2d 637 (7th Cir. 1970), and *Lowe* found delays of seventeen months and three and one-half years, respectively, to be inordinate).

However, this delay is not unjustifiable. In *Lowe*, the Seventh Circuit instructed that where a delay is inordinate, "the district court must hold a hearing to determine whether the delay is justifiable." 663 F.2d at 43. However, the Seventh Circuit in *Lane v. Richards*, 957 F.2d 363 (7th Cir. 1992), did not order a hearing to explore a lengthy delay in the state court proceedings where the reasons for the delay were clear. *Id.* at 365. Here, as in *Lane*, the reasons for the delay are similarly clear: Powers and his appointed counsel have delayed the proceedings. A review of the docket sheet for Powers' case, current through April of this year, shows that Powers filed his post-conviction petition on August 15, 2002. The trial court considered his petition and, on October 16, 2002, found the petition had merit and appointed counsel for Powers. The court also held his petition in abeyance pending the outcome of his direct appeal.[2] Powers subsequently filed several supplemental post-conviction petitions (on March 25,

---

[2] Powers filed his petition for post-conviction relief before his direct appeal had concluded. The state court ended his direct appeal by denying his petition for leave to appeal to the Supreme Court on April 2, 2003. *See People v. Powers*, 203 Ill.2d 564, 273 Ill. Dec. 142, 788 N.E.2d 733 (2003).

3

2003, July 12, 2004 and August 18, 2004). Powers has also moved to substitute his counsel several times, and had new counsel appointed on July 16, 2003, September 7, 2004, and October 28, 2004. In addition, Powers' various counsel, combined, have moved for nearly thirty continuances in his case.³ Powers' counsel also failed to appear for status on one occasion, March 23, 2005, necessitating another continuance. Powers argues that he objected to each one of the continuances by his counsel, and in general alleges that his counsel has been ineffective and dilatory in pursuing his petition.⁴ While this may be true, and has resulted in an unfortunate delay for Powers, errors by counsel representing a prisoner on collateral attack are not attributable to the state for purposes of determining whether a delay is justifiable. *See Lane*, 957 F.2d at 365 (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)). The only delays in Powers' case even arguably attributable to the state are continuances by the court totaling 155 days, many because the court was on trial or otherwise

---

³Many of these continuances were only for a week or two, but collectively they became significant. Examples include a continuance from November 26, 2003 to January 14, 2004; four separate month-long continuances stretching from February 11, 2004 to June 9, 2004; two consecutive continuances stretching from October 24, 2004 to March 2, 2005; and most significantly, a series of twelve straight continuances from May 25, 2005 to June 12, 2006.

⁴On September 7, 2004, the state filed a motion to dismiss the most recent supplement post-conviction petition Powers had filed on August 18, 2004. There is no indication that Powers' counsel has ever filed a response to this motion to dismiss.

4

considering the issues in the case.⁵ This is not unjustifiable, although it is extremely troubling that Powers' petition has taken so long to resolve.

II.

One of Powers' grounds in his petition for a writ of habeas corpus is that the delay in resolving his petition for post-conviction relief violates his right to due process and his right to equal protection. However, as the Seventh Circuit held in *Montgomery v. Meloy*, 90 F.3d 1200 (7th Cir. 1996), delay by a state court in ruling on a petition for post-conviction relief is not a ground for federal habeas corpus relief because there is no constitutional right to state collateral review. *Id.* at 1206; *see also Jackson v. Duckworth*, 112 F.3d 878, 879-80 (7th Cir. 1997) (affirming *Montgomery*).

The *Montgomery* opinion does leave open the possibility of habeas corpus relief where a petitioner alleges that a delay

---

⁵These delays include continuances from March 12, 2003 to April 16, 2003; June 11, 2003 to July 16, 2003; January 14, 2004 to February 11, 2004; October 6, 2004 to October 28, 2004; November 17, 2004 to November 24, 2004; and March 2, 2005 to March 30, 2005. The court also granted other continuances because in the interim Powers filed other motions, including a motion for relief from judgment under 735 ILL. COMP. STAT. ANN. 5/2-1401, to which the court gave the state time to respond and on which the court gave itself time to rule. Respondent calculates that there are combined periods totaling 490 days in which the case was set for status or continued for a decision without any indication that petitioner agreed to or requested the continuance; this period includes time that petitioner requested new counsel, time petitioner or his counsel were not present, and time the court allowed the parties to file responses to various motions.

violated his right to equal protection, 90 F.3d at 1206. Powers has alleged that his right to equal protection was violated because, had he been able to afford paid counsel, he would not have suffered the delays of "disinterested [attorneys] that were appointed by the trial judge." The problem with this argument is that Powers must allege that an "action of the state" violated his right to equal protection. *See Sceifers*, 46 F.3d at 704 (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 n.6 (1982)). Public defenders and appointed counsel are not state actors for purposes of the Fourteenth Amendment. *Id.* (citing *Polk County v. Dodson*, 454 U.S. 312, 317 n.4 (1981); *Georgia v. McCollum*, 505 U.S. 42, 53 n.9 (1992)) (holding that actions of public defenders and appointed counsel in causing delay in resolution of state post-conviction petition does not constitute state action). Powers has no cognizable equal protection claim for the actions of his appointed counsel in delaying his petition for post-conviction relief.

III.

Because the delay by the state court in resolving Powers' petition for post-conviction is justifiable, I cannot consider Powers' petition for a writ of habeas corpus at this time. I dismiss Powers' petition without prejudice.

**ENTER ORDER:**

*[signature: Elaine E. Bucklo]*

**Elaine E. Bucklo**
United States District Judge

Dated: October 23, 2006